EDITH BROWN CLEMENT, Circuit Judge,
concurring in the judgment.
Transocean asks us to recognize a counterclaim for restitution upon a successful establishment of a McCorpen defense. While I believe that such a counterclaim is possible under maritime law and general equitable principles, see Pizani v. M/V Cotton Blossom, 669 F.2d 1084, 1089 (5th Cir.1982) (“A court of admiralty is, as to all matters falling within its jurisdiction, a court of equity.” (quoting The David Pratt, 7 Fed. Cas. 22, 24 (D.Me.1839))), the majority has expressed concern about recognizing this counterclaim wholesale with little in terms of caselaw to guide us.[1] Given *729 the lack of precedent on this issue, the majority does not see this case as the ideal vehicle for evaluating the proposed counterclaim because it does not present sufficient information on the practical effect the claim would have on a seaman.
Although I concur in the judgment — if not the discussion of Still v. Norfolk & Western Railway Co. — I would recognize (not inconsistently with the majority opinion) that an employer may assert a counterclaim for maintenance and cure as a set-off to Jones Act damages when restitution will not result in an undue adverse impact on the seaman, and when maintenance and cure is not entirely duplicative of Jones Act damages. Cf. Colburn v. Bunge Towing, Inc., 888 F.2d 372, 378 (5th Cir.1989).[2] I see nothing in our caselaw at variance with this conclusion, and believe that it is necessary, especially in the wake of Atlantic Sounding Co. v. Townsend, 557 U.S. 404, 129 S.Ct. 2561, 174 L.Ed.2d 382 (2009), for this court to be able to continue to promote the “combined object of encouraging marine commerce and assuring the well-being of seamen.” Aguilar v. Standard Oil Co., 318 U.S. 724, 727, 63 S.Ct. 930, 87 L.Ed. 1107 (1943).

. But see Souviney v. John E. Graham & Sons, No. 93-0479, 1994 WL 416643, at *5 (S.D.Ala.1994) (unpublished) ("Because plaintiff intentionally concealed material facts about the very back injury for which he now seeks recovery against the defendant ... as a matter of law, plaintiff is not entitled to receive maintenance and cure benefits. To the extent that such benefits have been paid by the defendant, the defendant is entitled to recover the amount of those benefits by way of judgment against the plaintiff.”); Quiming v. Int’l Pac. Enters., Ltd.., 112, F.Supp. 230, 235-37 (D.Haw.1990) (granting a counterclaim for $30,000 of maintenance and cure after defendants established that the plaintiff was never legally entitled to receive the benefits); see also Bergeria v. Marine Carriers, Inc., *729 341 F.Supp. 1153, 1154-56 (E.D.Pa.1972) (“In addition to our finding that [a] counterclaim [for improperly paid maintenance and cure] is cognizable within the maritime jurisdiction, it must also be allowed as a contractual set-off.”).

. This is the result Boudreaux and Trans-ocean sought by way of their bracketed settlement agreement. On the facts of this case, I would find recovery permissible.